101 F.3d 717
 133 Lab.Cas. P 11,736
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Patrick W. DOOLEY, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 96-3327.
 United States Court of Appeals, Federal Circuit.
 Nov. 21, 1996.
Rehearing Denied Jan. 17, 1997.
 
 Before ARCHER, Chief Judge, SMITH, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Patrick W. Dooley petitions for review of the April 3, 1996 decision of the Merit Systems Protection Board, Docket No. DA1221950795W-1, denying his appeal of his employment termination by the Department of Veterans Affairs. Mr. Dooley filed an Individual Right of Action appeal alleging he was terminated in reprisal for activities protected by the Whistleblower Protection Act of 1989. We affirm the decision of the Board.
 
 
 2
 Mr. Dooley was hired as a caretaker at the Department of Veterans Affairs' Port Hudson National Cemetery in February 1991. He was hired on a temporary appointment which, after being extended three times, was terminated effective March 20, 1992. Upon his appointment, Mr. Dooley signed a "Statement of Understanding" in which he acknowledged that he understood his appointment was temporary and "may be terminated at any time." The agency gave "lack of funds" as its reason for the termination.
 
 
 3
 Mr. Dooley states that he was terminated because he complained about the performance and hiring practices of Virgil Wertenberger, who was then the manager of the Port Hudson cemetery, to Allen Clark, then the Director of the agency's National Cemetery System, when Mr. Clark visited the Port Hudson cemetery in February 1992. These complaints were aired in a meeting of cemetery employees which Mr. Wertenberger did not attend. In an affidavit, Mr. Clark explained that he routinely visited the cemeteries when he was Director, and it was his practice to hold such employee meetings. Mr. Wertenberger testified that he knew of the meeting Mr. Clark had held with the employees, that he had not attended the meeting, and that Mr. Clark had not disclosed to him what any employee had said. The Administrative Judge found this testimony credible and unrefuted.
 
 
 4
 In our review of Board decisions, we must accept the factual findings unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; procedurally defective; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). In particular, credibility determinations are "virtually unreviewable." Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). Mr. Dooley has shown no reason why the Administrative Judge's decision to believe Mr. Wertenberger's testimony should be set aside.
 
 
 5
 In order to prevail in his IRA appeal, Mr. Dooley must establish that a protected disclosure was made and that this disclosure was a contributing factor in Mr. Wertenberger's decision to terminate his employment. See, e.g., Clark v. Department of the Army, 997 F.2d 1466 (Fed.Cir.1993). On the finding that Mr. Wertenberger did not know of the disclosures made to Mr. Clark, we must affirm the conclusion that these disclosures were not a contributing factor in Mr. Wertenberger's decision to terminate Mr. Dooley's temporary appointment.[1] We thus affirm the Board's determination that Mr. Dooley's employment was not terminated in reprisal for whistleblowing activity.
 
 
 
 [1]
 The Administrative Judge also determined that the statements made to Mr. Clark were not the kinds of disclosures protected by the Whistleblower Protection Act. See 5 U.S.C. § 2302(b)(8). Since we affirm on the basis that the disclosures were not a contributing factor in the decision to terminate Mr. Dooley's employment, we need not review the AJ's determination that his statements were not protected disclosures